857 F.2d 1468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Marie GILLIAM, Plaintiff-Appellant,
v.
Cleveland SMITH, individually and in his capacity as a
police officer for the City of Woodruff, South
Carolina; City of Woodruff, South
Carolina, Defendants-Appellees.
 No. 87-1741.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 3, 1988.
Decided: Sept. 2, 1988.
 
 James Cleveland Ferguson, for appellant.
 Jack D. Griffith (Love, Thornton, Arnold & Thomason, on brief); William U. Gunn (Holcombe, Bomar, Wynn & Gunn, on brief), for appellees.
 Before DONALD RUSSELL and WIDENER, Circuit Judges, and ROBERT R. MERHIGE, Jr., Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Marie Gilliam appeals the summary judgments entered in favor of the defendants on her claim brought pursuant to Title 42 U.S.C. Secs. 1983 and 1981. She also appeals from the district court's refusal to exercise pendant jurisdiction over her state claims. We affirm.
 
 
 2
 Mrs. Gilliam alleges in her complaint that Cleveland Smith, a police officer in the City of Woodruff, was using his official status to sexually assault her. Prior to the incidents in question, Mrs. Gilliam and Smith had been involved on a "romantic basis" for some twelve or thirteen years. Each blames the other for the breakdown in the relationship. After the relationship ended, Mrs. Gilliam alleges that Smith began to sexually assault her. She claims that Smith would come to her home or stop her while he was in the police vehicle to initiate the assaults.
 
 
 3
 Smith denies that the assaults occurred. He claims that after their relationship ended, she would follow him or approach him during off-duty hours and request that he accompany her to her home. Mrs. Gilliam, during the last stormy years of the relationship, was charged with and pleaded guilty to malicious injury to personal property of Smith's, his car.
 
 
 4
 Mrs. Gilliam contends that she complained of the alleged assaults to various Woodruff officials. In her complaint, she claims that she is entitled to money damages from Smith in his individual capacity and from the City of Woodruff for condoning his conduct. She alleges that Woodruff has a de facto policy known to police and city officials which allows the type of conduct she charges to Smith. Further, the complaint states that the City has done nothing to terminate the policy or discipline those acting in accordance therewith.
 
 
 5
 The district court correctly granted summary judgment for the defendants upon its finding that the plaintiff had failed to present sufficient evidence to support an essential element of her case. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). She failed to show that in any of the incidents of which she complains Smith was acting in his official capacity or under color of state law. See Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, esp. p. 939, et seq (1981). Nor does the record support the allegation: "... acts of officers in the ambit of their personal pursuits are plainly excluded [from Sec. 1983 actions]." Screws v. United States, 325 U.S. 91, 111 (1944).
 
 
 6
 Further, there is no evidence in the record that the conduct complained of represents an official policy or custom adopted by the City of Woodruff which is required to be found in order to sue a municipality under Sec. 1983. Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978). Thus, summary judgment was proper in favor of the city.
 
 
 7
 The remainder of Mrs. Gilliam's claims were also properly disposed of by the district court. Her Sec. 1981 claim was not supported by factual allegations of discriminatory treatment on account of race, nor was it supported by the record. As there was no longer a viable federal claim, the district court did not abuse its discretion in dismissing, without prejudice, the remaining state claims. United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966).
 
 
 8
 Based on the well-reasoned and thorough opinion of the district court, its judgment is
 
 
 9
 AFFIRMED.